IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 265 WELFARE FUND, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| vs. | ) ) | NO. 16 C 9825 |
| M & J'S COOLING, INC., an Illinois corporation, | ) ) ) | JUDGE ELAINE E. BUCKLO |
| Defendant. | ) | |

**PLAINTIFFS' MOTION TO REOPEN CASE FOR THE LIMITED
PURPOSE OF ENFORCING THE TERMS OF THE SETTLEMENT
AGREEMENT AND ENTERING JUDGMENT AGAINST DEFENDANT
AND JOHN KAPIDIS, INDIVIDUALLY**

NOW COME Plaintiffs, SHEET METAL WORKERS LOCAL 265 WELFARE FUND, *et al.*, by their attorneys, and move the Court for the entry of an order reopening this action for the limited purpose of enforcing the terms of the Settlement Agreement (entered into between the parties on April 7, 2017) and entering judgment against Defendant, M & J's Cooling, Inc., an Illinois corporation, and John Kapidis, individually. In support of the Motion, Plaintiffs state as follows:

1. This action was originally brought by the Plaintiffs, the Trustees of the jointly-administered, labor-management employee benefit plans collectively known as the Sheet Metal Workers Local 265 Fringe Benefit Funds, alleging, *inter alia*, that Defendant breached its obligations under the terms of the collective bargaining agreements entered into with the Sheet Metal Workers International Association, Local 265 and the Agreements and Declarations of Trust under which the Plaintiff Funds are maintained. Specifically, Plaintiffs allege that Defendant failed to remit payment of contributions for work performed on its behalf by beneficiaries of the Plaintiff Funds. The

Complaint was brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2. On May 5, 2017, an Agreed Order of Dismissal incorporating the terms for settlement agreed to by the parties as set forth in the attached Settlement Agreement was entered by this Court (a copy of the Agreed Order of Dismissal is attached hereto).

3. The Defendant and John Kapidis acknowledged and agreed that they owed the total amount of $37,129.11 for contributions and liquidated damages for the time period February 2016 through September 2016, and audit contributions and liquidated damages for the time period April 1, 2013 through June 30, 2016, as well as attorneys' fees from July 2016 to January 31, 2017, as described in Paragraph 6 of the Settlement Agreement.

4. The parties agreed that Defendant and John Kapidis would submit the amount set forth in Paragraph 3 above by way of the payment of 26 monthly installments of $1,500.00 each, with the 26th (final) installment of $239.34. The parties agreed to the following payment schedule:

| **Payment Number** | **Date** | **Amount Due** | **Regular Report and Contribution** |
|---|---|---|---|
| 1 | 4/20/2017 | $1,500.00 | March 2017 |
| 2 | 5/20/2017 | $1,500.00 | April 2017 |
| 3 | 6/20/2017 | $1,500.00 | May 2017 |
| 4 | 7/20/2017 | $1,500.00 | June 2017 |
| 5 | 8/20/2017 | $1,500.00 | July 2017 |
| 6 | 9/20/2017 | $1,500.00 | August 2017 |
| 7 | 10/20/2017 | $1,500.00 | September 2017 |
| 8 | 11/20/2017 | $1,500.00 | October 2017 |
| 9 | 12/20/2017 | 1,500.00 | November 2017 |

| Payment Number | Date | Amount Due | Regular Report and Contribution |
|---|---|---|---|
| 10 | 1/20/2018 | $1,500.00 | December 2017 |
| 11 | 2/20/2018 | $1,500.00 | January 2018 |
| 12 | 3/20/2018 | $1,500.00 | February 2018 |
| 13 | 4/20/2018 | $1,500.00 | March 2018 |
| 14 | 5/20/2018 | $1,500.00 | April 2018 |
| 15 | 6/20/2018 | $1,500.00 | May 2018 |
| 16 | 7/20/2018 | $1,500.00 | June 2018 |
| 17 | 8/20/2018 | $1,500.00 | July 2018 |
| 18 | 9/20/2018 | $1,500.00 | August 2018 |
| 19 | 10/20/2018 | $1,500.00 | September 2018 |
| 20 | 11/20/2018 | $1,500.00 | October 2018 |
| 21 | 12/20/2018 | $1,500.00 | November 2018 |
| 22 | 1/20/2019 | $1,500.00 | December 2018 |
| 23 | 2/20/2019 | $1,500.00 | January 2019 |
| 24 | 3/20/2019 | $1,500.00 | February 2019 |
| 25 | 4/20/2019 | $1,500.00 | March 2019 |
| 26 | 5/20/2019 | $239.34 | April 2019 |

5. Defendant agreed to remain current with respect to the submission of monthly contribution reports and fringe benefit contributions that became due throughout the period of the payment schedule.

6. In the event Defendant failed to submit the payments as agreed in Paragraph 6 and Exhibit A to the Promissory Note, or failed to timely submit current reports and contributions due, the Defendant would be considered in default of the Settlement Agreement. Thereafter, the

Plaintiff Funds would be entitled to file a motion in this Court to reinstate the case for the limited purpose of entering judgment against Defendant and John Kapidis for all unpaid installments and contributions and liquidated damages due under the Settlement Agreement and Promissory Note, plus the Plaintiff Funds' attorneys' fees and costs incurred as a result of Defendant and John Kapidis's default and for enforcement of the Settlement Agreement.

7. Defendant and John Kapidis failed to submit the first installment payment of $1,500.00 due by April 20, 2017 and failed to submit Defendant's monthly fringe benefit contribution report and the contributions due thereon for March 2017. Although under no obligation to do so, on May 15, 2017, Plaintiffs' counsel sent an e-mail to John Kapidis regarding the failure of the Defendant and John Kapidis to abide by the terms of the Settlement Agreement. Plaintiffs' counsel advised Mr. Kapidis that the installments due on April 20, 2017 and May 20, 2017 and the Defendant's March 2017 report and contributions must be submitted by May 20, 2017.

8. On May 15, 2017, Mr. Kapidis responded to Plaintiffs' counsel's e-mail advising that the Defendant's reports and contributions for March and April 2017 were filed on-line. Mr. Kapidis also advised that he thought the first installment of $1,500.00 was due by May 20, 2017.

9. On May 19, 2017, Mr. Kapidis submitted only the first installment payment of $1,500.00 by check no. 1213 drawn on the account of Aire Serv of Kankakee. The Plaintiff Funds could not accept this check because Aire Serv of Kankakee is a company that is not signatory to a collective bargaining agreement with the Sheet Metal Workers International Association, Local 265.

10. As of the date of filing the instant Motion, Defendant and/or John Kapidis has not paid the first and second installment of $1,500.00 due under the Promissory Note and Settlement Agreement.

11. For all the reasons stated, the Plaintiffs hereby move the Court for the entry of an Order reopening this action for the limited purpose of enforcing the terms of the Settlement Agreement and entering judgment against the Defendant and John Kapidis, individually. Specifically, Plaintiffs request:

    A.    That judgment be entered in favor of Plaintiffs and against Defendant, M & J's Cooling, Inc., and John Kapidis, individually, to include the amount of $37,129.1-1, being the total amount remaining due for contributions, liquidated damages and attorneys' fees as set forth in the Promissory Note attached to the Settlement Agreement.

    B.    That judgment be entered in favor of Plaintiffs and against Defendant, M & J's Cooling, Inc., and John Kapidis, individually, to include an additional $3,043.50 in attorneys' fees incurred by the Plaintiffs in this matter since January 31, 2017, which includes one (1) additional hour for the preparation of the instant motion and one (1) additional hour of attorneys' fees to appear for the hearing on the instant motion.

    C.    That Plaintiffs have such further relief as may be deemed just and equitable by the Court.

/s/ Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone: (312) 216-2577
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

<u>**CERTIFICATE OF SERVICE**</u>

        The undersigned, an attorney of record, hereby certifies that she electronically filed the foregoing document (Motion to Reopen) with the Clerk of Court using the CM/ECF system, and further certifies that I have mailed the above-referenced document by United States Mail to the following non-CM/ECF participant on or before the hour of 5:00 p.m. this <u>31st</u> day of <u>May 2017</u>:

        Ms. Melissa Kapidis
        Mr. John Kapidis
        341 Kathy Drive
        Bourbonnais, IL   60914

        /s/   Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone: (312) 216-2577
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

I:\265J\M & J's\2016\motion-reopen.cms.df.wpd